# 24-2710-cv

## United States Court of Appeals

*for the*

## Second Circuit

MATTHEW O'LEARY,

*Plaintiff-Appellant,*

– v. –

CITY OF NEW YORK,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## PETITION FOR REHEARING

Kevin T. Snider
  *Counsel of Record*
Lorna M. Henry
Pacific Justice Institute
*Attorneys for Plaintiff-Appellant*
9581 Horn Road
Sacramento, CA 95827
(916) 857-6900

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................. ii

PETITION FOR REHEARING ........................................................................... 1

   I.   BACKGROUND AND RULE 40(b)(1) STATEMENT ................................... 1

       A. Background to the Lawsuit ........................................................... 1

       B. Rule 40(b)(1) Statement ................................................................ 1

   II.  THE BASIS OF O'LEARY'S *MONELL* CLAIM IS A MUNICIPAL POLICY ...... 3

   III.  NYC CREATED AN OFFICIAL POLICY MANDATING VACCINATION THAT INCLUDED DETAILED PROCEDURES FOR REQUESTING A RELIGIOUS EXEMPTION ............................................................................ 4

   IV. A MUNICIPALITY'S FORMAL MECHANISM FOR INDIVIDUALIZED REVIEW IS PER SE A POLICY UNDER *MONELL* ....................................... 7

   V.  O'LEARY SUFFERED A CONSTITUTIONAL INJURY DUE TO A MUNICIPAL POLICY ........................................................................................................ 8

CONCLUSION ..................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*Agosto v. New York City Dept. of Educ.*,
    982 F.3d 86 (2d Cir. 2020) ................................................................... 3

*Amnesty Am. v. Town of W. Hartford*,
    361 F.3d 113 (2d Cir. 2004) ................................................................. 8

*Batista v. Rodriguez*,
    702 F.2d 393 (2d Cir. 1983) ................................................................. 3

*Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*,
    520 U.S. 397 (1997) .............................................................................. 9

*Bowen v. Roy*,
    476 U. S. 693 (1986) ............................................................................ 7

*Church of Lukumi Babalu Aye, Inc. v. Hialeah Lukumi*,
    501 U.S. 520 (1993) .............................................................................. 9

*City of Canton v. Harris*,
    489 U.S. 378, 388 (1988) ..................................................................... 3

*Connick v. Thompson*,
    563 U.S. 51 (2011) ................................................................................ 9

*Employment Division, Department of Human Resources of Oregon v. Smith*,
    494 U.S. 872 (1990) .............................................................................. 7

*Friend v. Gasparino*,
    61 F.4th 77 (2d Cir. 2023) .................................................................... 8

*Fulton v. City of Philadelphia*,
    593 U.S. 522 (2021) ......................................................................... 7, 9

*Hu v. City of New York*,
    927 F.3d 81 (2d Cir. 2019) ............................................................... 7, 8

*Inner City Contracting, LLC v. Charter Twp. of Northville*,
    87 F.4th 743 (6th Cir. 2023) .................................................................. 4

*International Audiotext Network v. American Tel. & Tel. Co.*,
    62 F.3d 69 (2d Cir. 1995) ..................................................................... 6

*Kane v. De Blasio*,
    19 F.4th 152 (2d Cir. 2021) .................................................................. 9

*Martinez v. Hooper*,
    148 F.3d 856 (7th Cir. 1998) ................................................................ 4

*Monell v. Dept. of Soc. Services of City of New York*,
    436 U.S. 658 (1978) ..................................................................... *passim*

*Montero v. City of Yonkers*,
    890 F.3d 386 (2nd Cir. 2018) ............................................................... 4

*Nance v. City of N.Y.*,
    No. 09-CV-2786 (ENV) (VVP), 2011 U.S. Dist. LEXIS 75903
    (E.D.N.Y. July 14, 2011) .................................................................... 4

*Papasan v. Allai*,
    478 U.S. 265 (1986) ............................................................................ 4

*Roe v. City of Waterbury*,
    542 F.3d 31 (2d Cir. 2008) .................................................................. 3

*Walker v. New York*,
    974 F.2d 293 (2d Cir. 1992) ................................................................ 3

**CONSTITUTIONS, STATUTES, AND RULES**

U.S. Const., amend. I .................................................................................. 8

42 U.S.C. § 1983 ........................................................................................ 3

Federal Rules of Appellate Procedure, Rule 40 ........................................ 1

Federal Rules of Appellate Procedure, Rule 40(b)(1) ..................................... 1

Federal Rules of Appellate Procedure, Rule 40(b)(1)(a) ................................ 7

# PETITION FOR REHEARING

I. BACKGROUND AND RULE 40(b)(1) STATEMENT

### A. Background to the Lawsuit

A special investigator serving the citizens at the City of New York's Department of Investigation was ordered to undergo vaccination.[1] So were all City employees.[2] The vaccines used were developed through the destruction and repurposing of fetal cells.[3] Mr. O'Leary's conscience was formed from a young age by his religious training in the Roman Catholic Church which instilled in him the sacredness of human life. He experienced a crisis of conscience which forced him to choose between his faith and his livelihood. O'Leary chose God rather than Mammon. Because NYC evaluators did not believe his faith to be sincere, O'Leary was fired.

### B. Rule 40(b)(1) Statement

On June 2, 2025, this Court issued a summary order affirming the district court's dismissal of the Amended Complaint. The analysis of the Summary Order dealt exclusively with the *Monell* claim. Unfortunately, the panel overlooked or misapprehended the nature of the review of the request for a religious exemption. Taken together, the vaccine mandate, the forms, interview using standardized

---

[1] A 44.
[2] *Id*.

1

questions, and NYC's Reasonable Accommodation Appeals Panel process constituted an official formal mechanism of individualized review. This is not a mere extrapolation of facts from the Amended Complaint and exhibits. The communication from the NYC Reasonable Accommodation Appeals Panel explicitly called the vaccine mandate a "policy,"[4] including the procedures, e.g., notice, deadlines, and submission of proof of vaccination.[5] By overlooking the relevant facts in the Amended Complaint and exhibits regarding municipal policy, the Summary Order misapprehended the legal significance of the individualized assessment. To this end, this Petition argues that the existence of a municipality's formal mechanism of individualized review is a policy as a matter of law.

This Petition will (1) describe the *Monell* rule, (2) provide a succinct overview of the NYC religious exemption procedures, (3) argue that the official mechanism of individualized review is a policy under *Monell*, and (4) set forth the causal connection between the policy and the constitutional injury.

---

[3] A 25-26, 45.
[4] A 39.

2

## II. THE BASIS OF O'LEARY'S *MONELL* CLAIM IS A MUNICIPAL POLICY.

In *Monell v. Dept. of Soc. Services of City of New York*,[6] the U.S. Supreme Court ruled that 42 U.S.C. § 1983 "imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights."[7] Hence, local governing bodies can be sued directly under Section 1983 based on the unconstitutional implementation or execution of a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.[8]

In the Second Circuit, a municipality can violate a person's constitutional rights by four means: (1) a formal policy,[9] (2) custom,[10] (3) a policymaking official's decisions acting in official capacity,[11] or (4) a failure to train.[12] Here the decision to terminate O'Leary was made through a formal policy.

---

[5] *Id*.
[6] *Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658 (1978).
[7] *Id*. at 691.
[8] *Id*. at 690.
[9] *Agosto v. New York City Dept. of Educ.*, 982 F.3d 86, 98 (2d Cir. 2020).
[10] *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983).
[11] *Roe v. City of Waterbury*, 542 F.3d 31, 40 (2d Cir. 2008).
[12] *Walker v. New York*, 974 F.2d 293, 297 (2d Cir. 1992) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1988)).

### III. NYC CREATED AN OFFICIAL POLICY MANDATING VACCINATION THAT INCLUDED DETAILED PROCEDURES FOR REQUESTING A RELIGIOUS EXEMPTION.

To bring a *Monell* claim, more is needed than merely inserting "the magic words" from *Monell* such as "usage," "custom," or "policy."[13] Instead of legal assertions, a complaint must allege facts that tend to support—at least circumstantially—a policy or custom.[14] The Sixth and Seventh Circuits are in agreement. "We do not require civil rights plaintiffs to use magic words in their complaints to obtain relief. Rather, we require plaintiffs to state a claim for relief."[15]

Turning to this case, the genesis of the events described in the Amended Complaint came about when the NYC Dept. of Health required all City employees to be vaccinated.[16] Per NYC policy, employees seeking a religious exemption were required to submit the request within seven days[17] using the forms[18] provided by the City. NYC required employees to show proof of the first dose just nine days

---

[13] *Nance v. City of N.Y.*, No. 09-CV-2786 (ENV) (VVP), 2011 U.S. Dist. LEXIS 75903 (E.D.N.Y. July 14, 2011) (citing *Papasan v. Allai*, 478 U.S. 265 (1986)).
[14] *Montero v. City of Yonkers*, 890 F.3d 386, 403-04 (2nd Cir. 2018).
[15] *Inner City Contracting, LLC v. Charter Twp. of Northville*, 87 F.4th 743, 756 (6th Cir. 2023). *See also*, *Martinez v. Hooper*, 148 F.3d 856, 858-59 (7th Cir. 1998) (civil right plaintiffs are not held to a higher pleading standard).
[16] Amended Complaint, A 44.
[17] *Id*.
[18] Exhibit A to Amended Complaint, A 21-24.

4

after the issuance of the original order.[19] If a religious exemption was denied by NYC to an employee, the employee would be placed on administrative leave two days later.[20]

O'Leary requested a religious exemption through NYC's explicit and detailed policy.[21] This regulated process entailed submission of a mandatory four-page form issued by NYC.[22] Pursuant to NYC procedures, an equal employment officer and the human resources director[23] conducted a telephonic interview of O'Leary in which they utilized seven standardized questions.[24] Using NYC Dept. of Investigation letterhead, these officers denied O'Leary's request by memorandum, deeming his religious beliefs as insincere.[25] The memo stated he had "three business days" to "submit proof of the first dose of vaccination" or file an appeal.[26] Further, the memo warned that absent vaccination or an appeal, O'Leary would be placed on administrative leave in five days.[27] The appeal specified an online portal for the appeal and use of a work email for submission.[28]

---

[19] *Id*., A 44.
[20] A 44.
[21] A 47.
[22] A 21-24; 47.
[23] A 9.
[24] A 31-34.
[25] A 27.
[26] *Id*.
[27] *Id*.
[28] *Id*.

O'Leary appealed to the NYC Reasonable Accommodation Appeals Panel per the proscribed procedures, but to no avail.[29] This Appeals Panel affirmed the interviewing officers' determination writing, "Pursuant to the City of New York's policy concerning the vaccine mandate, you now have **three business days** from the date of this notice to submit proof of vaccination. If you do not do so, you will be placed on a leave without pay."[30] This official notification is an exhibit to the complaint and deemed as part of the complaint.[31]

It is crucial to observe that the Reasonable Accommodation Appeals Panel's message to O'Leary states clearly that there is a municipal policy which includes procedures involving notice, deadline, and adverse consequences for O'Leary. In the district court, the City filed no objections to the exhibits attached to the complaints or in any wise challenged the authenticity of the documentation. Indeed, the district court relied on the documents by citing to them in the order dismissing the case.[32] The lower court wrote that NYC "issued guidance outlining the manner by which an employee could request" a religious exemption which included a "newly created Reasonable Accommodation Appeals Panel."[33]

---

[29] A 29-38.
[30] A 39 (emphasis in original).
[31] *International Audiotext Network v. American Tel. & Tel. Co.*, 62 F.3d 69 (2d Cir. 1995).
[32] A 156-57; 170-71.
[33] A 155-156.

In view of the above, O'Leary clearly pled and proved the existence of a policy per the requirements of *Monell*.

IV. **A MUNICIPALITY'S FORMAL MECHANISM FOR INDIVIDUALIZED REVIEW IS PER SE A POLICY UNDER *MONELL*.**[34]

NYC's policy had standardized procedures for individualized review of the particular reasons for O'Leary's faith-based decision not to undergo vaccination. When there exists a mechanism for individualized review, then the regulation is not generally applicable and subject to strict scrutiny.[35]

There is but one sentence in the Summary Order forming the premise of the panel's opinion: "But O'Leary's complaint alleged the City erred in deciding *his* accommodation request, and 'isolated acts by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify liability.'" Summary Order at * 3 (emphasis in original). This statement misapplies the applicable *Monell* test at issue here. O'Leary is arguing that there is a municipal policy at play rather than that a government employee had a policy-making position.[36] What is more, O'Leary is not claiming vicarious liability of the City because of actions by the individual

---

[34] Rule 40(b)(1)(A).
[35] *Fulton v. City of Philadelphia*, 593 U.S. 522, 533 (2021), citing *Employment Division, Department of Human Resources of Oregon v. Smith*, 494 U.S. 872, 884 (1990) (quoting *Bowen v. Roy*, 476 U. S. 693, 708 (1986)).
[36] *Hu v. City of New York*, 927 F.3d 81, 106 (2d Cir. 2019).

7

employees.³⁷ In other words, O'Leary is not putting forward a theory of respondeat superior.³⁸ The interviewers and the NYC Reasonable Accommodation Appeals Panel made an individualized assessment of the reasons for O'Leary's request pursuant to standardized municipal policy whose procedures utilized a formal mechanism for granting exceptions.

Stated simply, when a municipality establishes a systematic formal mechanism of individualized review, then the there is a policy under *Monell* as a matter of law.

### V. O'LEARY SUFFERED A CONSTITUTIONAL INJURY DUE TO A MUNICIPAL POLICY.

A *Monell* claim may be based on a policy that causes the injured party to be subjected to the deprivation of a constitutional right.³⁹ Here, NYC's policy created the mechanism of individualized assessment which caused his constitutional injury. Imputation of insincerity by the City infringed O'Leary's right to the free exercise of religion⁴⁰ when he had to choose between his faith and his work. "[T]hrough its *deliberate* conduct . . . [the City] was the 'moving force' behind the

---

³⁷ Summary Order at * 3 ("isolated acts by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify liability.") (quoting *Hu*, 927 F.3d 81 at 106).
³⁸ *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004).
³⁹ *Friend v. Gasparino*, 61 F.4th 77, 93 (2d Cir. 2023).
⁴⁰ U.S. Constitution, amend. I.

8

[constitutional] injury" that O'Leary suffered.[41] These events that resulted in that choice were not the isolated acts of City employees. The process that O'Leary went through was due to an official policy of the City. NYC is thus responsible for its own acts.[42]

Though the NYC policy may not be unconstitutional on its face,[43] the City-made protocols were not generally applicable. Thus, the case should be remanded to the district court to go through the next step of strict scrutiny review to determine if there was a compelling interest that was narrowly tailored.[44]

## **CONCLUSION**

NYC instituted an official policy requiring vaccination. The process for obtaining a religious exemption involved a formal mechanism for individualized review of the particular reasons for the employee's conduct.[45] For O'Leary this resulted in the choice between his faith and his livelihood. O'Leary held to his convictions and lost his job. The application of NYC's policy caused a constitutional injury. Taken together, this fulfills the *Monell* requirements.

O'Leary now seeks rehearing.

---

[41] *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997).
[42] *Connick v. Thompson*, 563 U.S. 51, 60 (2011).
[43] *Kane v. De Blasio*, 19 F.4th 152, 164 (2d Cir. 2021).
[44] *Church of Lukumi Babalu Aye, Inc.* v. *Hialeah Lukumi* 501 U.S. 520, 546 (1993).
[45] *Fulton*, 593 U.S. at 533.

9

Date:   June 30, 2025

                                       /s/ Kevin T. Snider
                                       Kevin T. Snider
                                       Matthew B. McReynolds

                                       *Attorneys for Appellants*

**SUMMARY ORDER**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-five.

Present:
   BARRINGTON D. PARKER,
   MICHAEL H. PARK,
   ALISON J. NATHAN,
    *Circuit Judges.*

_____

MATTHEW O'LEARY,

   *Plaintiff-Appellant*,

  v.                    24-2710

CITY OF NEW YORK,

   *Defendant-Appellee.*\*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | KEVIN T. SNIDER, Emily C. Mimnaugh, Lorna M. Henry, Pacific Justice Institute, Reno, NV. |
| FOR DEFENDANT-APPELLEE: | LAUREN L. O'BRIEN, Richard Dearing, Jamison Davies, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY. |

_____

  \* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Matthew O'Leary served as a Special Investigator and E-Discovery Manager for New York City's Department of Investigation (the "City"). During the COVID-19 pandemic, he sought a religious exemption from the vaccination mandate in effect for City employees. The City denied the request, finding that his objection to vaccination was "not based on a sincerely held religious, moral, or ethical belief." App'x at 27. The City's Reasonable Accommodation Appeals Panel affirmed, and the City later fired O'Leary. O'Leary sued the City under 42 U.S.C. § 1983, alleging violations of Title VII and the Free Exercise Clause. The district court granted the City's motion to dismiss. O'Leary now appeals the dismissal of his Free Exercise claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"To bring a section 1983 lawsuit for municipal liability, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." *Hu v. City of New York*, 927 F.3d 81, 104 (2d Cir. 2019) (quotation marks omitted); *see Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to

2

practically have the force of law."). O'Leary failed to do so here, so we need not reach his Free Exercise claims.[1]

According to O'Leary, the "forms used, the standardized questions, and the review for the appeal process . . . together describe a policy which clear[s] the *Monell* hur[d]le." Appellant's Reply Br. at 15; *see Monell v. Department of Social Services*, 436 U.S. 658 (1978). But O'Leary's complaint alleged that the City erred in deciding *his* accommodation request, and "isolated acts by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify liability." *Hu*, 927 F.3d at 106 (quotation marks omitted). His complaint also failed to set forth "facts suggesting that an officer with final policymaking authority ordered, ratified, or was aware of a subordinate's unconstitutional actions, and consciously chose to ignore them." *Id.* at 105 (quotation marks omitted). We thus affirm the district court's dismissal on the basis that O'Leary did not plausibly allege a *Monell* claim against the City.[2]

\* \* \*

---

[1] In any event, to the extent that O'Leary makes a facial challenge to the vaccine mandate, our precedent squarely forecloses his suit. *See Kane v. De Blasio*, 19 F.4th 152, 164 (2d Cir. 2021) ("The Vaccine Mandate, in all its iterations, is neutral and generally applicable.").

[2] Although the City did not raise its *Monell* argument before the district court, "[w]e have discretion . . . to decide the merits of a forfeited claim or defense where the issue is purely legal and there is no need for additional fact-finding." *Palin v. New York Times Co.*, 113 F.4th 245, 279 (2d Cir. 2024) (quotation marks omitted). We do so here because the question is purely legal, and we agree with the City that the issue became relevant only on appeal. *See* Appellee's Br. at 19-20.

We have considered O'Leary's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court